CAHN v. WRIGHT.

[77 South. 567—66 South. 782.]

LANDLORD AND TENANT. *Attornment.*

> Where a landlord authorized his creditor to rent his property and
> collect rent from the tenant until his debt should be satisfied,
> upon the transfer of the rented property by the landlord, the
> tenant's right to possession depends upon whether or not he was
> in possession thereof under a valid rental contract made prior
> to the sale of the property, by the landlord.

APPEAL from the circuit court of Leflore county.
HON. J. A. TEAT, Special Judge.

Suit by Mrs. Rose M. Cahn against Samuel Wright.
From a judgment for defendant, plaintiff appeals.

One Weeden was the owner of a house and lot in the
city of Greenwood upon which there was a first deed of
trust in favor of the Bank of Commerce and a second
deed of trust in favor of Alfred Stoner. Afterwards
H. E. Cahn, guardian, made a loan to Weeden, the
proceeds of which were used to satisfy the first deed
of trust held by the bank, and Stoner also canceled his
deed of trust. Weeden then placed the property in the
hands of Stoner, who rented the property to appellee,
Wright, collected the rent, charged ten per cent. com-
mission for making the collection, and applied the bal-
ance of the rent to the indebtedness due by Weeden to
him (Stoner). Thereafter, and before Stoner had col-
lected an amount in rents sufficient to pay off the amount
due him, Weeden, having defaulted in the payment of
the indebtedness due H. E. Cahn, guardian, conveyed
the property to Mrs. Rose M. Cahn, the wife of H. E.
Cahn; the consideration being the assumption by Mrs.
Cahn of Weeden's indebtedness to H. E. Cahn, guard-
ian. The deed of trust was duly recorded, and Mrs
Cahn thereafter demanded of the tenant, Wright, the

payment of the rent, and Wright having refused to pay her, Mrs. Cahn brought this action of unlawful entry and detainer. On the trial in the circuit court a judgment was entered for the defendant, and Mrs. Cahn appeals.

*J. W. Dulaney, Jr.* and *Gwin & Mounger,* for appellant.

*Gardner, McBee & Gardner* and *Alfred Stoner,* for appellee.

SMITH, C. J., delivered the opinion of the court.

As we understand the evidence, Weeden, the former owner of the property, verbally agreed with Stoner that he (Stoner) might rent the property, collect the rent and apply it to the debt due him by Weeden. Stoner acted upon this agreement and rented the property to appellee, collecting the rent when due, and charging Weeden ten per cent. upon the amount collected for his services in so doing. The terms of the contract by which Stoner rented the property to appellee do not appear, the case having been fought out on the theory that appellee was Stoner's tenant, and as such was entitled to possession of the property until the rent collected therefrom by Stoner should be sufficient to discharge the debt due him by Weeden. At the time of the trial, the amount of rent collected by Stoner was less than the amount due him by Weeden. This theory finds no support in the evidence, for Stoner was not a tenant of Weeden, but had simply been authorized to rent the property by Weeden; and appellee's right to remain in possession thereof after Weeden's sale of the property depends upon whether or not he was in possession thereof under a valid rental contract made prior to the sale of the property by Weeden. It appears from the evidence that, at the time of the trial, the house in ques-

tion was vacant; appellee having removed therefrom.
The case, however, proceeded upon the theory that he
was still withholding possession thereof from appellant.

*Reversed and remanded.*